337 So.2d 491 (1976)
STATE of Louisiana
v.
Winston FOE.
No. 57714.
Supreme Court of Louisiana.
September 13, 1976.
Phillip E. O'Neill, Orleans Indigent Defender Program, Metairie, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In this prosecution for armed robbery the defendant Winston Foe appeals from his conviction and sentence to thirty years at hard labor. On this appeal he assigns two errors to rulings of the trial judge.
The first assignment of error relates to the denial of a motion to quash the bill of information. The grounds alleged are misjoinder of offenses, and, alternatively, the motion asks for severances of the offenses.
The bill of information charges that Foe on the 6th day of May 1975 "while armed *492 with a dangerous weapon, to-wit: a pistol, robbed one Julia Kisiel and Bruno Kisiel of Fifty-Eight ($58.00) Dollars in the lawful money of the United States of America."
To support the motion, defense counsel cites as authority Article 493 of the Code of Criminal Procedure as it existed on May 6, 1975 prior to its amendment by Act 528 of 1975. The Article recites that "No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts." The exceptions referred to in Article 493 are found in Articles 481 and 482 of the Code of Criminal Procedure and relate to joinder of theft charges, receiving stolen things, and manslaughter and abortion. Neither article is applicable to the instant case.
According to the facts conceded in argument before the trial judge, the victims were husband and wife who were robbed at the same time, in the same place and as part of one transaction. Based on these facts the trial judge overruled the motion to quash, holding that there was no misjoinder of offenses, and defendant was not entitled to a severance of offenses. His per curiam reads: "The Court found no merit in the motion to quash since this was one offense with simultaneous victims, at one time, and at one place. This was a single robbery, with a single set of facts, and therefore Article 493 is inapplicable."
While duplicity results from a charge of more than one offense in a single indictment, "an indictment is not duplicitous because, in stating the elements of the offense charged or describing how it was committed, it alleges criminal acts which would separately constitute another offense or other offenses." Act 310 of 1966, La.Code Crim.Pro. art. 492 (repealed by Act 528 of 1975).
The indictment before us does not charge two offenses. Only one offense is charged, but in reciting the facts the indictment alleges criminal acts (the robberies of Mr. and Mrs. Kisiel) which would constitute separate offenses. Here the acts against the husband and wife are joined and constitute but one offense. The State, therefore, cannot further prosecute for a separate offense arising out of this transaction. Two separate indictments should have been drawn if the State intended to prosecute the defendant for two robberies. State v. Cannon, 185 La. 395, 169 So. 446 (1936).
The case of State v. Richmond, 284 So.2d 317 (La.1973), relied upon by the defense, does not support its position. There a plea of double jeopardy was invoked by the defense to a charge of murder of Mrs. Vera Adams, defendant having previously been convicted of the murder of her husband. Both were murdered at the same time during the course of an armed robbery of their grocery store. Each prosecution was based upon a separate indictment. In that case we held that although the same evidence was used to convict the defendant of both murders, the purpose for which the evidence was used was different, and double jeopardy did not exist. Clearly that case is distinguishable on its facts. While the Court does make reference to the requirement of Article 493 that only one crime can be charged in a single indictment, the case at bar does not fall within that proscription, for only one offense is charged by the indictment before the Court.
Another case relied upon by the defense is also distinguishable. In State v. Giangrosso, 263 La. 275, 268 So.2d 224 (1972), the defendant was charged in a five-count indictment with the armed robbery of five different persons. He was convicted on four of the five counts and sentenced to serve fifteen years on each of four counts, the sentences to run consecutively. At that time the maximum penalty for armed robbery was thirty years.
Prior to trial the defendant moved to require that the district attorney select which charge he would prosecute. The motion was denied.
This five-count indictment clearly violated the principle announced in Article 493, prior to its 1975 amendment. Five distinct offenses were charged in one indictment *493 over objection of the defendant and he was convicted on four and sentenced separately on each.
Nor does the case at bar fall within the objection that prejudice may result when a multiplicity of offenses are charged in one indictment and there is a simultaneous trial of those charges. Such an objection is predicated on a fact situation involving separate offenses occurring at separate places at separate times. In that factual situation the fear is that the jury is likely to use evidence adduced in support of one charge to convict the accused of another charge not independently or adequately proved. It is said that the jury, from the very nature of the human intellect, would unconsciously permit the two sets of facts to merge or blend together.
In the case at bar this cannot happen. There is only one transaction, involving the identical time, place and parties. There is only one set of facts. Either it supports a conviction or it does not. No prejudice can result under these circumstances. There is no merit to this assignment.
In the other assignment of error relied upon by the defendant it is contended that the written list of verdicts responsive to each offense charged with each separately stated was not given to the jury by the judge. The argument is that the indictment charged two separate offenses requiring that a separate list of verdicts responsive to each be furnished to the jury.
The list which was furnished to the jury by the judge read:

"VERDICTS POSSIBLE
"You may render any one of the following verdicts:
1. GUILTY AS CHARGED.
2. GUILTY OF SIMPLE ROBBERY.
3. NOT GUILTY.
"You are to attach no significance whatsoever to the order in which these verdicts are listed."
Since the entire defense argument in support of this assignment of error presupposes that two separate offenses were charged in the indictment, and we have decided that only one offense is charged, this assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs.