345 So.2d 33 (1977)
STATE of Louisiana
v.
Sylvester WARE.
No. 58818.
Supreme Court of Louisiana.
April 11, 1977.
Rehearing Denied May 13, 1977.
*34 Mack Marsh, Davenport, Files, Kelly & Marsh, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., James A. Norris, Jr., Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Sylvester Ware was charged by bill of information with committing armed robbery in violation of R.S. 14:64. After trial, a jury returned a verdict of guilty as charged and defendant was sentenced to twenty-two years in the custody of the Department of Corrections, without benefit of parole, probation or suspension of sentence. On this appeal, he relies upon six assignments of error for reversal of his conviction and sentence.
An armed robbery occurred at Barbara's Grocery located on Winnsboro Road in Monroe, Louisiana, on Saturday evening, March 6, 1976. At the time of the robbery, four persons were in the store preparing for a fish fry. Mr. James Mann, one of the owners of the store, and Mr. George Hunt were in the front of the store near the cash register, and Mrs. Barbara Mann and Mrs. Ethel Bass were in the rear of the store making preparations to fry fish.
Three black males then entered the store in a crouched position through the front door. Two of the males remained near the front of the store and one proceeded to the back of the store where he forced Mrs. Mann and Mrs. Bass to lie down on the floor, then proceeded back up to the front of the store where he struck Mr. Hunt on the head and took his wallet. One of the two robbers who stayed at the front of the store took all of the cash from the cash register and left, followed shortly thereafter by the remaining two robbers.

ASSIGNMENT OF ERROR NO. 1.
By this assignment defendant complains that the trial court erred in failing to sustain his motion to quash urged on the ground that the bill of information improperly charged him with committing two offenses in the same count, in violation of the joinder rules set forth in Title 13, Chapter 5 of the Code of Criminal Procedure.
The bill of information in pertinent part read as follows:
". . . Sylvester Ware . . . while armed with dangerous weapons, to wit: pistols, robbed Barbara Mann and George Hunt, contrary to the provisions of R.S. 14:64 . . ."
Defendant's motion to quash the bill of information contended that it was duplicitous in that it included two offenses in the same count. After a hearing, the trial judge denied defendant's motion to quash.
The state in brief concedes that recent amendments to Articles 493 and 495, the repeal of Articles 491 and 492, and the addition of Article 495.1, Code of Criminal Procedure (as per Act No. 528 of 1975) simply allow joining two or more offenses in the same indictment or bill of information in separate counts for each offense, not in a single count. However, they take the position that defendant here was charged not with two offenses, but with a single offense, an armed robbery of two victims, *35 the occurrence having been a single incident.
While defendant's arguments are not frivolous,[1] we find it unnecessary to discuss them at length in view of the fact that we have just recently decided this very legal issue adversely to defendant's position. In State v. Foe, 337 So.2d 491 (La. 1976), we reviewed an identical type of bill of information in which defendant was charged in one count with armed robbery "of Julia Kisiel and Bruno Kisiel," and we concluded that the state, while not required to do so, had opted to charge defendant with a single armed robbery of dual victims, in a circumstance where there was a single transaction involving identical time, place and partiesa single set of factsand that no prejudice could result under the circumstance. Our decision in State v. Foe, supra dictates that we find assignment of error number one non-meritorious.

ASSIGNMENT OF ERROR NO. 2.
In this assignment defendant contends that the trial court erred in refusing to order the state to furnish answers to a number of interrogatories in his bill of particulars.
The interrogatories which defendant asserts the state should have been compelled to answer are as follows:
# 3. What thing of value is the defendant alleged to have committed the theft of?
# 4. From what person was anything of value allegedly taken;
# 5. From the immediate control of what person was anything of value taken?
# 6. Do you contend that this defendant used force in the commission of this offense or is it alleged that this defendant used intimidation in the commission of this offense?
# 7. Describe specifically the dangerous weapon alleged to have been used in the commission of this offense?
The state in response to these interrogatories stated that defendant was not entitled to the information requested.
The state employed the short form bill of information in charging this armed robbery. It is, of course, true that the short form bill of information has withstood constitutional attack chiefly because of the requirement that, upon defendant's request for a bill of particulars, the state must inform him of the essential facts constituting the offense with which charged, including more specific facts if the offense may be committed in a number of different ways. State v. Mason, 305 So.2d 523 (La. 1974). The state therefore is compelled to provide defendant with sufficient information so that he may be informed of the nature and cause of the charge against him in order that he might better be able to prepare his defense and to meet the charges against him.
While we believe that he was entitled to be told what was the nature of the thing(s) he was accused of taking, what person or persons, is alleged to have been the victim, or victims, and whether he is charged with having taken something from the person(s) or from his (their) immediate control, we do not find error in this case in the state's refusal to respond to these questions in view of the fact that defendant was fully aware of each of these matters by virtue of the state's evidence and testimony presented at the preliminary examination attended by defendant and his attorney.
This assignment does not have merit.

*36 ASSIGNMENT OF ERRORS NOS. 3 AND 6.
Defendant moved to suppress as evidence at trial any in-court identification by Messrs. Mann and Hunt, two of the victims, for the alleged reasons that any such identification would necessarily be tainted by impermissibly suggestive photographic and inperson line-ups conducted on the same day the crime was committed and defendant was arrested. He also moved to suppress a pistol seized without a search warrant from the residence of one Edgar Simon.
Defendant's contentions with respect to the line-up are not borne out by the record. Each of them were conducted in a fair and proper manner free of suggestiveness of any character.
His contention that the pistol should not have been suppressed is likewise without merit. There was no search at Mr. Simon's residence. Rather Simon and his friend, sometimes apartment guest, Aaron Tolliver, simply assented to turning the pistol over to the deputy, led the deputy to the pistol (Tolliver did, with Simon's tendered apartment key), and turned it over to the deputy.

ASSIGNMENT OF ERROR NO. 4.
The trial judge refused to permit defendant in cross-examination to impeach a state witness by inquiring about previous arrests. Louisiana Revised Statute 15:495 specifically provides that "Evidence of conviction of crime, but not of arrest . . . is admissible for the purpose of impeaching the credibility of the witness . . .; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been . . . arrested, and can only be questioned as to conviction. . .." The ruling of the trial judge was therefore correct under the statute. Nonetheless defendant here attacks the constitutionality of R.S. 15:495 on the basis that it is in derogation of the confrontation clause of the sixth amendment of the United States Constitution and Article I, § 16 of the Louisiana Constitution of 1974.
The right to confrontation, while a significant constitutional right, is not so unlimited as to require permitting a defendant on cross-examination of state witnesses to make any and all inquiries of whatever character. R.S. 15:495, applicable with respect to the cross-examination of defendant as well as witnesses, is not an unreasonable limitation. R.S. 15:495 is not constitutionally impermissible in derogation of the confrontation clauses of the federal and/or state constitutions. The assignment does not have merit.

ASSIGNMENT OF ERROR NO. 5.
This armed robbery was committed by four individuals, three of whom had entered Barbara's grocery store partially masked, one who had driven the three to the store and who acted as a get-away driver. Two of defendant's three accomplices testified against defendant at trial and identified all four perpetrators. They did so after having been advised by the judge of their right to remain silent. When the state placed the third accomplice, Aubrey Humphrey, on the stand and had the court explain to him that he had a right to remain silent and not testify, Humphrey expressed his desire to remain silent. At that point, the prosecutor asked Mr. Humphrey if he had received any threat to himself or anyone he knew or cared for, in relation to his impending testimony in the case. At that point, the trial judge stopped the questioning and removed the jury. Counsel for defendant had immediately moved for a mistrial because of the question and the trial judge denied the request. Outside the presence of the jury the witness was asked the question again. He responded that he was aware of no such threat. While not waiving his right to complain of the denial of his motion for mistrial, counsel for defendant, along with the prosecutor, agreed that the trial judge should advise the jury of the witness' negative response outside of the jury's presence.
Defendant now complains that the court erred in not granting him the requested mistrial. In support of this contention he *37 argues that a mistrial should have been granted under Article 770 of the Code of Criminal Procedure which provides that "Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the . . . district attorney . ., during the trial or in argument, refers directly or indirectly to . . . another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible . . .." Defendant contends that the question of the district attorney referred to a crime, threatening of a witness (a violation of R.S. 14:122(3)) and that it was obvious from the content of the question that the prosecutor was alleging that the defendant had committed such crime.
We assume for the purpose of argument that the prosecutor is barred from alluding to a defendant's having threatened a state witness to prevent his testifying (by virtue of Article 770). Nonetheless, the crime to which indirectly referred (assuming that an inquiry is a reference) was not alleged by the prosecutor to have been committed by the defendant. Moreover, the witness' negative side-bar response communicated to the jury by the judge, proved the prosecutor's query to have been just that, and obviated any prejudice to defendant.
The wisdom of such a question by a prosecutor might well be questioned. Nonetheless, under the circumstances here Article 770 in our view did not mandate a mistrial and the trial judge did not err in refusing to grant it.
For the reasons assigned the conviction and sentence of defendant Sylvester Ware are affirmed.
NOTES
[1] Defendant argues that the repeal of Articles 491 and 492 does not eliminate the objection of duplicity or make it improper to raise such objection by motion to quash; that even though the amendment to 495 has deleted duplicity as an objection which "may be urged only by a motion to quash," Article 531 still provides that all preliminary pleas, with exceptions not here pertinent, shall be urged by a motion to quash; and that subsection 3 of Article 532 provides that a motion to quash may be based on the ground that the indictment is duplicitous. He then presents several not implausible reasons why the state should not be permitted to join two offenses in the same count.