Haki SEKOU a/k/a Robert Dominick,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 85–3480.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1986.

Haki Sekou, pro se.

H.T. Cox, Michael E. McMahon, Patricia E. Black, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.

Before BROWN, REAVLEY, and JONES, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this appeal, we must determine whether an armed robbery conviction and a subsequent plea to felony-murder constitute two convictions for the same offense in violation of the Double Jeopardy Clause when the criminal activity underlying the murder charge includes a kidnapping in addition to the armed robbery. We must also determine whether the appellant was punished twice for the same offense in violation of the Double Jeopardy Clause when he was sentenced for felony-murder, since the murder was considered as an aggravating circumstance during his earlier sentencing for the armed robbery.

The District Court ruled that there was no violation of the Double Jeopardy Clause and dismissed appellant's habeas petition. We hold that the Double Jeopardy Clause does not bar successive prosecutions for felony-murder and an underlying felony (regardless of which prosecution is first), so long as the specific underlying felony which is the subject of the earlier (or later) prosecution does not form the sole basis for the felony-murder prosecution. We also hold that the Double Jeopardy Clause is not implicated by a prosecution for a

crime previously considered as an aggravating circumstance during sentencing for a different crime. We therefore affirm the District Court's dismissal of Haki Sekou's habeas petition.

### Smorgasboard of Crimes

On the evening of January 14, 1977, Haki Sekou and two companions robbed the Shoney's restaurant in Baton Rouge, Louisiana. Fearing identification, they kidnapped the restaurant's assistant manager, drove him back to New Orleans, and killed him. Sekou served as the driver during the robbery, kidnapping, and murder.

On April 21, 1977, a jury in Baton Rouge found Sekou guilty of armed robbery. He received the maximum sentence (99 years) after the trial judge considered certain aggravating circumstances including the kidnapping and murder.

One year later—on April 27, 1978—Sekou pleaded guilty in New Orleans to second degree felony murder.[1] The grand jury had indicted Sekou for first degree murder but the charge was reduced as part and parcel of the plea agreement.[2] Upon pleading guilty to second degree murder, Sekou was sentenced to life imprisonment which was to run concurrently with the 99-year armed robbery sentence.

After exhausting his state court remedies, Sekou sought federal habeas corpus relief on November 26, 1984. The District Court denied the petition and this appeal followed. We affirm.

### One Lump or Two?

Sekou's primary argument on appeal is that his armed robbery conviction and the conviction based on his subsequent plea to second degree felony-murder constitute two convictions for the same offense in violation of the Double Jeopardy Clause.

First, Sekou claims that he was twice convicted of felony-murder, arguing that his first trial was in reality a prosecution for the whole course of criminal activity rather than just the armed robbery. Our examination of the record of Sekou's first conviction indicates that there is no merit to this argument. Moreover, Sekou's appeal to the Supreme Court of Louisiana conclusively demonstrates that his first conviction was for armed robbery. *State v. Dominick,* 354 So.2d 1316 (La.1978). Thus, the two convictions involved in this appeal, and on which Sekou's double jeopardy claims must rest, are armed robbery and second degree felony-murder.

■ The Double Jeopardy Clause prohibits prosecution and conviction for both felony-murder and the enumerated felony. *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Stephens v. Zant,* 631 F.2d 397 (5th Cir.1980), *reversed on other grounds,* 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). The underlying felony is considered a lesser-included offense of felony-murder and thus the "same offense" for double jeopardy purposes. *Stephens,* 631 F.2d at 401. In *Harris,* the Supreme Court held that a defendant's conviction for felony-murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the armed robbery. 433 U.S. at 682, 97 S.Ct. at 2913, 53 L.Ed.2d at 1056. *Harris* involved an initial conviction of felony-murder and a subsequent prosecution for a lesser-included offense, but the reverse of *Harris* is also true—a conviction on a lesser-included offense bars subsequent trial on the greater offense. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

■ Although *Harris* and *Brown* seem to call for reversal of Sekou's second degree felony-murder conviction, subsequent case law in both the Supreme Court and the Fifth Circuit sheds significant additional light on this issue. In *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228

---

**1.** In Louisiana, felony-murder with specific intent to kill is first degree murder, while felony-murder with no intent to kill is second degree murder. *See* La.R.S. 14:30 and 14:30.1.

**2.** Neither the original indictment nor the amended charge of second degree felony-murder enumerated any specific underlying felony as the basis for the felony-murder charge.

(1980), the Supreme Court explained its decision in *Harris*, stating that a key ingredient of the *Harris* holding was the state's concession that the robbery for which the defendant had been indicted was in fact the underlying felony which had been proved in the earlier felony-murder prosecution. *Vitale*, 447 U.S. at 420–21, 100 S.Ct. at 2267, 65 L.Ed.2d at 238. Had that not been the case—for example, had the underlying felony been kidnapping—the armed robbery would not be a lesser included offense of the felony-murder. Therefore, in the present appeal, if the state could have proved felony-murder without also proving armed robbery, then the successive prosecutions do not constitute prosecutions for the "same offense" within the meaning of the Double Jeopardy Clause. *See Vitale*, 447 U.S. at 417, 100 S.Ct. at 2266, 65 L.Ed.2d at 236. However, if Sekou had not pleaded guilty and, in the second prosecution for felony-murder, the state proved only armed robbery as the underlying felony, Sekou would have a substantial claim of double jeopardy. *See Vitale*, 447 U.S. at 421, 100 S.Ct. at 2267, 65 L.Ed.2d 238. In other words, once the state tried and convicted Sekou for armed robbery, it was barred from prosecuting him for felony-murder only if the sole underlying felony upon which that prosecution was based was the armed robbery. *See Stephens v. Zant*, 631 F.2d 397, 401 (5th Cir.1980) (*citing Illinois v. Vitale*).

There is absolutely no indication that the state intended to prove only the armed robbery as the basis for a felony-murder conviction. The state just as easily could have proven the kidnapping as the underlying felony.[3] The indictment is silent on this score—that is, the amended charge of second degree murder did not enumerate any particular underlying felony. Moreover, Sekou's plea and corresponding waiv-

er of trial made it unnecessary for the state to particularize its theory of the case. Thus, because the state had not bound itself to proving only armed robbery at Sekou's trial, but could have relied on the kidnapping as the underlying felony, we hold there is no double jeopardy violation under *Vitale*.

■ In a related claim, Sekou apparently argues that he was *punished* twice for the same offense in violation of the Double Jeopardy Clause when he was sentenced for felony-murder, because the murder had been considered as an aggravating circumstance during his sentencing on the earlier conviction of armed robbery.

Although the murder certainly played a role in the judge's imposition of the maximum sentence for the armed robbery conviction, there is absolutely no merit to Sekou's argument that the subsequent felony-murder conviction and sentence constitutes double jeopardy. The Double Jeopardy Clause is no more implicated here than when a sentencing judge considers *prior* criminal activity (or convictions) in imposing a sentence. Consideration of criminal conduct as an aggravating circumstance does not convert the sentencing proceeding into a trial, conviction, or punishment for the criminal activity so considered. Sentencing entails consideration of both prior convictions and the facts and circumstances surrounding the specific crime for which sentence is being imposed. In this case, the kidnapping and homicide were aggravating circumstances surrounding the perpetration of the armed robbery, and therefore properly considered at Sekou's sentencing on the armed robbery conviction. Sekou does not challenge the propriety, as a matter of sentencing procedure, of the consideration of these aggravating circumstances. Rather, he argues that the consideration of these other crimes erects a

---

3. On these facts, it appears that kidnapping was a much likelier basis for the felony-murder prosecution. The armed robbery was complete at the time of the murder but the kidnapping was still in progress.

Even more likely, the government may have put on evidence of both the kidnapping and the

armed robbery since both those crimes were part of the course of criminal activity leading to the murder. We read nothing in *Vitale* which would have prevented the government from proving *both* the kidnapping and the armed robbery if Sekou had gone to trial on the felony-murder charge.

double jeopardy bar to subsequent prosecution and sentencing for those crimes.

■ We hold that consideration of other crimes at sentencing does not implicate the Double Jeopardy Clause because the defendant is not actually being punished for the crimes so considered. Rather, the other crimes aggravate his guilt of, and justify heavier punishment for, the specific crime for which defendant has just been convicted. *See United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir.1977) (rejecting virtually identical double jeopardy argument).

In a nutshell, we hold that the Double Jeopardy Clause has not been violated by either Sekou's conviction or sentencing for felony-murder. The District Court properly denied Sekou's habeas petition.

AFFIRMED.