Daniel J. NEVILLE,
Petitioner–Appellant,

v.

Robert H. BUTLER, Sr., Warden,
Louisiana State Penitentiary, et
al., Respondents–Appellees.

No. 88–3260.

United States Court of Appeals,
Fifth Circuit.

March 15, 1989.

Robert F. Barnard, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for petitioner-appellant.

Mark D. Rhodes, Asst. Dist. Atty., Houma, La., for respondents-appellees.

Before CLARK, Chief Judge, TIMBERS,* and RUBIN, Circuit Judges.

TIMBERS, Circuit Judge:

On September 14, 1982, petitioner Daniel J. Neville ("petitioner") pled guilty in the 32nd Judicial District Court, Parish of Terrebonne, Houma, Louisiana, to one count of armed robbery and one count of attempted first degree murder stemming from an incident which occurred approximately 14 months earlier. He was sentenced to a term of 20 years imprisonment for the attempted murder and to a consecutive term of 15 years imprisonment for the armed robbery. Asserting a double jeopardy violation, petitioner subsequently was denied post-conviction relief in the Louisiana state courts. He later was denied, without a hearing, habeas corpus relief in the United

* Circuit Judge of the Second Circuit, sitting by designation.

States District Court for the Eastern District of Louisiana.

On appeal from the judgment denying the writ of habeas corpus, petitioner primarily argues that, since the armed robbery count was the sole felony which purported to support the attempted first degree murder count pursuant to the Louisiana felony murder statute, conviction on both counts violated the double jeopardy clause. Respondents argue that (a) petitioner cannot assert a double jeopardy claim after having voluntarily pled guilty, and (b) in any event, petitioner properly was convicted of separate and distinct offenses.

For the reasons which follow, we vacate the judgment denying the writ of habeas corpus and we remand the case to the United States District Court with instructions that the writ be granted unless, within a reasonable time to be fixed by the district court, the Louisiana state court vacates the two sentences and one of the convictions and properly resentences petitioner in conformity with this opinion and *North Carolina v. Pearce*, 395 U.S. 711 (1969).

I.

We summarize only those facts believed necessary to an understanding of the issues raised on appeal.

Petitioner's convictions stem from an incident which occurred July 4, 1981 at Mack's Lounge, a bar in Houma, Louisiana, owned by Joyce Bourg ("Bourg"). On that day, according to the police report, petitioner entered the bar and demanded money at gunpoint from Bourg and Helen Capitano ("Capitano"), a Mack's Lounge barmaid. Bourg gave petitioner money from the register and her purse. When Capitano reached for her purse, petitioner shot her in the leg and ran out of the bar. Petitioner was arrested three days later.

On August 13, 1981, the state filed a two count information charging petitioner with armed robbery and attempted first degree murder. On September 14, 1982, apparent-

ly pursuant to a plea agreement, petitioner pled guilty to one count of armed robbery of "one, Joyce Bourg and Helen Capitano" pursuant to La.Rev.Stat.Ann. 14:64, and one count of attempted first degree murder of "one, Helen Capitano" pursuant to the Louisiana felony murder statute, La.Rev. Stat.Ann. 14:27 [14:30 [subd. A] (1) ]. The court sentenced petitioner to a term of 20 years imprisonment at hard labor on the attempted first degree murder count and to a consecutive term of 15 years imprisonment at hard labor on the armed robbery count. At that sentencing proceeding, petitioner also was sentenced to terms of 15 years imprisonment on each of two unrelated armed robbery counts, both sentences to run concurrently with the sentences imposed for the two Mack's Lounge offenses.

Petitioner unsuccessfully sought postconviction relief in the Louisiana state courts on the ground that his conviction of both attempted first degree murder under the felony murder statute and armed robbery, the underlying felony, violated the double jeopardy clause.

Having exhausted state remedies, petitioner then sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982) in the United States District Court for the Eastern District of Louisiana. In an Order and Reasons dated April 6, 1988, Adrian J. Duplantier, *District Judge*, denied the writ without an evidentiary hearing. The court held that there was no double jeopardy violation since the two charges represented separate offenses. In so holding, the court reasoned that "[b]ecause *attempted* armed robbery is sufficient to support a felony murder charge under the Louisiana [felony murder] statute, the attempted felony murder charge here, unlike the case in *Harris* [*v. Oklahoma*, 433 U.S. 682 (1977) ], does not require proof of all of the elements of the underlying armed robbery" (emphasis in original).[1]

For the reasons which follow, we vacate and remand.

## II.

■ Respondents argue that, by entering a guilty plea, petitioner waived his right to assert a double jeopardy claim. Respondents cite *Picard v. Allgood*, 400 F.2d 887 (5th Cir.1968) (per curiam), *cert. denied*, 394 U.S. 934 (1969), for the proposition that a voluntary plea of guilty is a waiver of all non-jurisdictional defects in the prior proceeding. While we recognize this general proposition, the United States Supreme Court explicitly has held that a guilty plea does not preclude a claimant from asserting a double jeopardy claim. *Menna v. New York*, 423 U.S. 61, 62 (1975) (per curiam). We consistently have read *Menna* as holding broadly that " 'the entry of a guilty plea does not waive a challenge based on a violation of the double jeopardy clause' ", reasoning that the issue of factual guilt is irrelevant to a claim of double jeopardy. *United States v. Atkins*, 834 F.2d 426, 437 (5th Cir.1987) (quoting *United States v. Broussard*, 645 F.2d 504, 505 (5th Cir. Unit A May 1981)).

We hold that petitioner has not waived his right to assert a double jeopardy claim.

## III.

Respondents assert that the appropriate test for determining whether petitioner has been subject to double jeopardy is that enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger*, the Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not". *Id.* at 304. Here respondents

---

1. After dismissing the double jeopardy claim, the court entered into a lengthy discussion of sentencing, stating that, even if the court were to vacate the armed robbery conviction, it would not set aside petitioner's sentence since it

was "quite clear" that the sentencing judge intended that petitioner serve a total of thirty-five years for the four crimes to which he pled guilty.

asserted that, since conviction for attempted first degree murder requires proof of elements and facts different from that required to convict for armed robbery, petitioner has not been placed in double jeopardy.

When one of the offenses involved is felony murder, however, a different rule is applied. In *Harris v. Oklahoma*, 433 U.S. 682 (1977) (per curiam), the Court held that one cannot be convicted of both felony murder and the underlying felony, reasoning that "[w]hen, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one". *Id.* at 682. Moreover, the converse is true: conviction of a lesser-included offense bars subsequent conviction of the greater offense. *Brown v. Ohio*, 432 U.S. 161, 168–69 (1977). This follows because a lesser or greater-included offense is, for double jeopardy purposes, the "same offense." *Id.* at 168.

Three years after *Harris*, the Court in *Illinois v. Vitale*, 447 U.S. 410 (1980), elaborated on its holding in *Harris*, stating that "for the purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense". *Id.* at 420.

The rule clearly emerging from *Harris* and its progeny is that the double jeopardy clause bars prosecution for both felony murder and the underlying felony. We have applied that rule consistently. *E.g., Rubino v. Lynaugh*, 845 F.2d 1266, 1269–70 (5th Cir.1988); *Sekou v. Blackburn*, 796 F.2d 108, 110–11 (5th Cir.1986); *Stephens v. Zant*, 631 F.2d 397, 401 (5th Cir.1980), *cert. denied*, 454 U.S. 1035 (1981), *rev'd on other grounds*, 462 U.S. 862 (1983). In the Western District of Louisiana the rule was

applied even before *Harris*. *E.g., Reeves v. Henderson*, 380 F.Supp. 661, 662–64 (W.D.La.1974); *Colle v. Henderson*, 350 F.Supp. 1010, 1012 (W.D.La.1972).

The rule under consideration, however, does not invalidate convictions of both felony murder and a felony arising out of the same occurrence where it is shown that another separate felony could have served as the predicate offense underlying the felony murder conviction. For example, in *Sekou, supra,* we held that there would be no double jeopardy violation where the defendant was found guilty of armed robbery at trial and later pleaded guilty to felony murder "if the state could have proved felony-murder without also proving armed robbery". 796 F.2d at 111. Since there was "absolutely no indication that the state intended to prove only the armed robbery as the basis for a felony-murder conviction", we held that there was no double jeopardy violation. *Id.* It was apparent from the facts in *Sekou* that the state could have proved kidnapping as an alternative underlying felony. *Id.* at 111 n. 3.

Petitioner argues that, since in his case armed robbery is a lesser-included offense of attempted first degree felony murder, conviction of both offenses places him twice in jeopardy for the same offense. He further argues that there are no other felonies arising from the holdup at the bar for which he possibly could be convicted and which independently could support the felony murder conviction without violating the double jeopardy clause. Respondents argue that there is no double jeopardy violation since petitioner pled guilty to not two but three crimes: attempted first degree murder of Capitano, armed robbery of Capitano and armed robbery of Bourg. Accordingly, respondents argue, even if petitioner's conviction of both armed robbery and attempted murder of Capitano would result in double punishment for the same offense, the convictions nevertheless should stand since the armed robbery of

Bourg could have served as a separate predicate offense underlying the felony murder conviction.[2]

Since this case involves a double jeopardy challenge to convictions after pleading rather than after trial, it is difficult to rule confidently on the crucial issue of whether one or two armed robbery offenses were involved. *Atkins, supra,* 834 F.2d at 434 (since there was no trial, the court's task of evaluating petitioner's double jeopardy claim was made "more complicated"). Our task here is the more difficult because the district court declined to hold an evidentiary hearing before summarily rejecting petitioner's claim. Nevertheless, after examining the record and the briefs, and after hearing oral argument, we are convinced that petitioner's double jeopardy claim should be sustained.

An examination of the two counts arising from the holdup at the bar to which petitioner pled guilty exposes the double jeopardy problem. Count One charged armed robbery of "one, Joyce Bourg and Helen Capitano" in violation of La.Rev.Stat.Ann. 14:64 (armed robbery). On its face, therefore, Count One clearly charged petitioner with a single offense which fortuitously involved two victims, rather than two separate armed robberies. *State v. Ware,* 345 So.2d 33, 35 (La.1977); *State v. Foe,* 337 So.2d 491, 492 (La.1976); *see also Ladner v. United States,* 358 U.S. 169, 178 (1958) (single discharge of gun which harmed two victims held to be a single offense under federal assault statute). Furthermore, assuming arguendo that the facts surrounding the holdup of the bar possibly might support two armed robbery counts, the state is precluded from prosecuting petitioner for two armed robberies because it opted in the indictment to state the charge as it did. *Foe, supra,* 337 So.2d at 492. Aside from the asserted second armed robbery, it is undisputed that petitioner committed no

felonies during the holdup of the bar other than the two with which he was charged.

Count Two charged attempted first degree murder of "one, Helen Capitano" in violation of La.Rev.Stat.Ann. 14:27 [14:30 [subd. A] (1) ] (attempted felony murder, the underlying felony being armed robbery).

Accordingly, since Count Two, which charged petitioner with attempted felony murder, would have to be supported by an underlying felony and since the only predicate felony for which petitioner could be charged is the single armed robbery set forth in Count One, conviction on both Counts One and Two resulted in improperly punishing petitioner twice for the same offense, in violation of the double jeopardy clause. *Vitale, supra,* 447 U.S. at 420–21; *Harris, supra,* 433 U.S. at 682; *State v. Cotten,* 438 So.2d 1156, 1160–61 (La.Ct. App. 1st Cir.1983), *cert. denied,* 444 So.2d 606 (La.1984).

We hold that the proper remedy for this violation is to vacate the judgment of the district court and to remand the case to that court with instructions to grant the writ unless the state, within a reasonable time to be fixed by the district court, (1) vacates the sentences regarding the bar armed robbery and attempted felony murder charges; (2) vacates one of the two convictions, presumably that for armed robbery, *see Cotten, supra,* 438 So.2d at 1161 (citing *State v. Doughty,* 379 So.2d 1088, 1089 (La.1980)); and (3) resentences petitioner on the remaining offense in conformity with this opinion and *North Carolina v. Pearce,* 395 U.S. 711 (1969).

## IV.

To summarize:

We hold that, since petitioner was convicted of both armed robbery and attempted felony murder predicated on the same

---

**2.** Petitioner argues that, if we accept respondents' argument that more than one armed robbery offense was involved, then we should vacate the felony murder conviction on the ground that the indictment was vague and failed

adequately to apprise him of the charges against him. Since we remand the case with instructions to vacate one of the two convictions, we do not reach this argument.

armed robbery offense, he has been placed in jeopardy twice. The judgment of the district court denying habeas corpus relief therefore is vacated and the case is remanded to the district court with instructions to issue the writ of habeas corpus unless the State of Louisiana within a reasonable time vacates one of the convictions and resentences petitioner in conformity with this opinion and *Pearce, supra.*[3]

VACATED AND REMANDED.

Frank E. Massengale, S. Gene Fendler, Liskow & Lewis, New Orleans, La., for plaintiffs-appellants.

George C. Freeman, III, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Paine Webber Jackson & Curtis, Inc.

---

**3.** Since the parties did not specifically address *Pearce,* we do not reach the issue of how the state court properly should proceed on resentencing. Also, we leave it to the state court to decide whether to hold a hearing into what has happened to petitioner while he has been incarcerated or what proof might show as to changed conditions since sentencing.

