# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2011

No. 11-50175
Summary Calendar

Lyle W. Cayce
Clerk

EMILIO T. CINTRON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-16

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Emilio T. Cintron seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application, in which he sought to challenge his conviction of nine counts of aggravated sexual assault and nine counts of indecency with a child for which he was sentenced to two consecutive life sentences and 16 concurrent life sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, Cintron must show that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A movant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Cintron argues that his convictions and sentences violated the Double Jeopardy Clause because indecency with a child is a lesser-included offense of aggravated sexual assault, and he therefore received multiple punishments for the same offense. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). "[A] lesser or greater-included offense is, for double jeopardy purposes, the 'same offense.'" *Neville v. Butler*, 867 F.2d 886, 889 (5th Cir. 1989) (internal quotation marks and citation omitted). Under Texas jurisprudence, "[i]ndecency with a child can be a lesser-included offense of aggravated sexual assault," implicating double jeopardy concerns. *See Ex parte Infante*, 151 S.W.3d 255, 261 (Tex. App. 2004).

The district court concluded that Cintron's indictment alleged 18 different offenses that "occurred on different dates or involved different sexual acts" and, therefore, "all eighteen of the offenses are supported by different facts and do not violate double jeopardy." However, the record before the district court did not include papers from the state court proceedings necessary to review the factual evidence underlying Cintron's convictions (e.g., trial transcripts). Accordingly, the district court could not have properly assessed whether the state court correctly determined that Cintron's convictions and sentences did not violate double jeopardy. *See Neville*, 867 F.2d at 889. Therefore, the district court's resolution of this claim is debatable. *See Slack*, 529 U.S. at 484.

No. 11-50175

Cintron also asserts that his trial counsel rendered ineffective assistance by not raising an objection at trial or at sentencing on the basis of double jeopardy and that his appellate counsel was ineffective for not arguing on direct appeal that the convictions and sentences violated the Double Jeopardy Clause. The district court concluded that Cintron had not demonstrated that his trial or appellate counsel were ineffective under the test enunciated in *Strickland v. Washington*, 466 U.S. 688 (1984), because Cintron did not have a valid double-jeopardy claim; the district court reasoned that it would have been futile for counsel to raise the issue. However, given the lack of state court records, there was no basis for the district court to determine whether a double-jeopardy challenge would be meritorious. Because the record does not allow a proper examination of whether counsel rendered constitutionally ineffective assistance, reasonable jurists could debate the district court's resolution of Cintron's claims that he received the ineffective assistance of trial and appellate counsel. *See id.*

He further argues that, with respect to the aggravated-sexual-assault counts, the jury should have been instructed that it could find him guilty of the lesser-included offense of indecency with a child. Cintron has not demonstrated that reasonable jurists would debate the district court's resolution of this claim, and he therefore has not made the required showing for a COA. *See Slack*, 529 U.S. at 484.

In light of the foregoing, a COA is GRANTED as to Cintron's claims that his convictions and sentences violated the Double Jeopardy Clause and that his trial counsel and appellate counsel were ineffective for not challenging his convictions and sentences on the basis of double jeopardy. The district court's judgment is VACATED with respect to the denial of these claims, and this case is REMANDED for further proceedings consistent with this opinion. On remand, the district court is encouraged to order the respondent to add to the record any portion of the state court papers necessary for the district court to conduct a meaningful review of the issues on which COA has been granted.

No. 11-50175

Cintron's motion for COA is DENIED in all other respects.  His motion for leave to proceed in forma pauperis on appeal is GRANTED.