# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1383

**STATE OF LOUISIANA**

**VERSUS**

**DANNIE LEE LAFLEUR**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 88688-FB
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.

**CONVICTION AND SENTENCE
VACATED IN PART.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dannie Lee LaFleur**

**Dannie Lee LaFleur**
**CBC U/L Cell #13**
**Louisiana State Penetintiary**
**Angola, LA 70712**
        **In Proper Person**

**Trent Brignac**
**District Attorney**
**Gregory J. Vidrine**
**Assistant District Attorney**
**Thirteenth Judicial District**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**PETERS, J.**

A jury convicted the defendant, Dannie Lee Lafleur, of first degree murder, a violation of La.R.S. 14:30, and armed robbery, a violation of La.R.S. 14:64. Thereafter, the trial court sentenced the defendant to serve life in prison without benefit of parole, probation, or suspension of sentence on the first degree murder conviction;[1] and to serve twenty-five years in prison, without the benefit of parole, probation, or suspension of sentence on the armed robbery conviction. The trial court ordered that the sentences run consecutively. In his appeal, the defendant asserts in his sole assignment of error that his convictions and sentences constitute double jeopardy.

The State of Louisiana (state) charged the defendant with the two offenses by grand jury indictment. The indictment reads in pertinent part:

DANNIE LEE LAFLEUR committed the offenses(s) of:

Count #1:  First Degree Murder La.R.S. 14:30

Count #2:  Armed Robbery La.R.S. 14:64

in the Parish of Evangeline in that:

Count #1:  Dannie Lafleur, on or about May 6, 2011, committed the offense of First Degree Murder by the killing of Tuc Thanh Do[.]

Count #2: Dannie Lafleur, on or about May 6, 2011, committed Armed Robbery of Tat Nail, by use of force or intimidation while armed with a dangerous weapon, to wit:  a firearm[.]

Tuc Thanh Do, together with his wife, Thao Thi Thanh Le, owned Tat Nail Salon in Evangeline Parish. On May 6, 2011, the defendant shot and killed Tuc Thanh Do during the commission of an armed robbery of the couple's business establishment.

---

[1] The State of Louisiana had previously announced that it was not seeking the death penalty in the prosecution of the first degree murder charge.

Louisiana Revised Statutes 14:30 provides that there are a number factual scenarios which will constitute first degree murder. Although the grand jury indictment does not specify which section of the statute applies to this particular prosecution, the facts presented make it clear that the state brought the charge pursuant to La.R.S. 14:30(A)(1), which provides in pertinent part that "[f]irst degree murder is the killing of a human being . . . [w]hen the offender has the specific intent to kill or to inflict great bodily harm and is engaged in the perpetration or attempted perpetration of . . . armed robbery[.]"

Thus, despite the silence of the grand jury indictment, the defendant was charged with the first degree murder of Tuc Thanh Do based on armed robbery as the underlying felony. In fact, that theory of prosecution was made clear to the jury in the state's closing argument:

> Normally I would take that jury sheet and I would go through each and every element of these crimes but what I just or what the State has just told you there's no question that an armed robbery was committed. Money was taken from Mr. Do, from the nail shop in his control by the use of force or armed with a weapon. The Judge is gonna tell you that armed with a weapon, a gun is a weapon. It fits. This is beyond reasonable doubt that this was committed. First Degree Murder requires the killing of a human being. Mr. Do was killed. The offender has specific intent to kill. Again the Judge will instruct you when you have a gun and you point it at somebody from less than three feet that's specific intent to kill and engaged in an armed robbery. Well the armed robbery has been discussed.

A person cannot twice be placed in jeopardy for the same offense. U.S. Const. amend. V; La.Const. art. I, § 15. The defendant argues, and the state acknowledges, that it is well-settled that convictions for both a felony murder and the underlying felony violate double jeopardy protections. *See State v. Marshall*, 81-3115, 94-461 (La. 9/5/95), 660 So.2d 819.[2]

---

[2] In *Marshall*, the supreme court found that the defendant's conviction of attempted first degree murder during an armed robbery and the armed robbery itself violated the constitutional prohibition against double jeopardy.

Nonetheless, the state asserts on appeal that the defendant's convictions do not violate the constitutional double jeopardy protection because it could have separately charged the defendant with the armed robbery of the victim's wife and that "convictions for felony murder and a felony arising out of the same occurrence are not invalidated when another felony could have served as a predicate offense in the underlying felony murder conviction." In support of this argument, the state directs us to *Neville v. Butler*, 867 F.2d 886 (5th Cir. 1989), a case which arose from a Louisiana prosecution. While we do not disagree with the holding in *Neville*, we do not find that it supports the state's position in this case.

The defendant in *Neville* had been charged with one count of armed robbery of Joyce Bourg and Helen Capitano, and one count of attempted first degree murder of Ms. Capitano. The offenses occurred when he entered a Terrebonne Parish bar owned by Ms. Bourg, where Ms. Capitano worked as a barmaid, and robbed the two women at gunpoint. Ms. Bourg gave the defendant money from the cash register and her purse, but when Ms. Capitano reached for her own purse, the defendant shot her in the leg and ran out of the bar. He pled guilty to both charges, was sentenced, and began serving his time. The matter came before the Louisiana courts again when the defendant filed an application for post-conviction relief asserting that his convictions violated his constitutional rights on double jeopardy principles.

After exhausting his state court remedies, the defendant sought relief in federal court. The federal district court denied him relief, but the Fifth Circuit granted him relief. In addressing the merits of the double jeopardy claim, the court stated:

> Respondents assert that the appropriate test for determining whether petitioner has been subject to double jeopardy is that

3

enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger,* the Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not". *Id.* at 304. Here respondents asserted that, since conviction for attempted first degree murder requires proof of elements and facts different from that required to convict for armed robbery, petitioner has not been placed in double jeopardy.

When one of the offenses involved is felony murder, however, a different rule is applied. *In Harris v. Oklahoma, 433 U.S. 682 (1977)* (per curiam), the Court held that one cannot be convicted of both felony murder and the underlying felony, reasoning that "[w]hen, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one". *Id.* at 682. Moreover, the converse is true: conviction of a lesser-included offense bars subsequent conviction of the greater offense. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977). This follows because a lesser or greater-included offense is, for double jeopardy purposes, the "same offense". *Id.* at 168.

Three years after *Harris*, the Court in *Illinois v. Vitale*, 447 U.S. 410 (1980), elaborated on its holding in *Harris*, stating that "for purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense". *Id.* at 420.

The rule clearly emerging from *Harris* and its progeny is that the double jeopardy clause bars prosecution for both felony  murder and the underlying felony.

*Id.* at 888-89 (alterations in original).

The court in *Neville* went on to explain that the rule did not apply to all situations:

The rule under consideration, however, does not invalidate convictions of both felony murder and a felony arising out of the same occurrence where it is shown that another separate felony could have served as the predicate offense underlying the felony murder conviction. For example, in *Sekou* [*v. Blackburn*, 796 F.2d 108], we held that there would be no double jeopardy violation where the defendant was found guilty of armed robbery at trial and later pleaded guilty to felony murder "if the state could have proved felony-murder without also proving armed robbery". 796 F.2d at 111. Since there was "absolutely no indication that the state intended to prove only the

armed robbery as the basis for a felony-murder conviction", we held that there was no double jeopardy violation. *Id.* It was apparent from the facts in *Sekou* that the state could have proved kidnapping as an alternative underlying felony. *Id.* at 111, n. 3.

Petitioner argues that, since in his case armed robbery is a lesser-included offense of attempted first degree felony murder, conviction of both offenses places him twice in jeopardy for the same offense. He further argues that there are no other felonies arising from the holdup at the bar for which he possibly could be convicted and which independently could support the felony murder conviction without violating the double jeopardy clause. Respondents argue that there is no double jeopardy violation since petitioner pled guilty to not two but three crimes: attempted first degree murder of Capitano, armed robbery of Capitano and armed robbery of Bourg. Accordingly, respondents argue, even if petitioner's conviction of both armed robbery and attempted murder of Capitano would result in double punishment for the same offense, the convictions nevertheless should stand since the armed robbery of Bourg could have served as a separate predicate offense underlying the felony murder conviction.

Since this case involves a double jeopardy challenge to convictions after pleading rather than after trial, it is difficult to rule confidently on the crucial issue of whether one or two armed robbery offenses were involved. [*U.S. v.*] *Atkins* [], 834 F.2d 434 [(5th. Cir. 1987)] (since there was no trial, the court's task of evaluating petitioner's double jeopardy claim was made "more complicated"). Our task here is the more difficult because the district court declined to hold an evidentiary hearing before summarily rejecting petitioner's claim. Nevertheless, after examining the record and the briefs, and after hearing oral argument, we are convinced that petitioner's double jeopardy claim should be sustained.

An examination of the two counts arising from the holdup at the bar to which petitioner pled guilty exposes the double jeopardy problem. Count One charged armed robbery of "one, Joyce Bourg and Helen Capitano" in violation of La.Rev.Stat.Ann. 14:64 (armed robbery). On its face, therefore, Count One clearly charged petitioner with a single offense which fortuitously involved two victims, rather than two separate armed robberies. *State v. Ware*, 345 So.2d 33, 35 (La.1977); *State v. Foe*, 337 So.2d 491, 492 (La.1976); *see also Ladner v. United States*, 358 U.S. 169, 178 (1958) (single discharge of gun which harmed two victims held to be a single offense under federal assault statute). Furthermore, assuming arguendo that the facts surrounding the holdup of the bar possibly might support two armed robbery counts, the state is precluded from prosecuting petitioner for two armed robberies because it opted in the indictment to state the charge as it did. *Foe, supra*, 337 So.2d at 492.

*Id.* at 889-90 (footnote omitted).

5

In the matter now before us, there is one armed robbery with two victims, and the state opted in its presentation of the evidence to designate the armed robbery as the underlying felony offense. Thus, we find that the present case is analogous to the factual scenario in *Neville* in that the indictment charged the defendant with a single offense, robbing the nail-salon owners, Tuc Thanh Do and Thao Thi Thanh Le. Pursuant to the reasoning in *Neville*, double jeopardy occurred in the present case.

In order to remedy the violation of double jeopardy, we vacate the conviction and sentence of the less severely punishable offense. *State v. Doughty*, 379 So.2d 1088 (La.1980). Accordingly, the defendant's conviction and sentence for armed robbery is vacated.[3]

## DISPOSITION

For the foregoing reasons, we vacate the defendant's conviction and sentence for armed robbery based on constitutional double jeopardy.

**CONVICTION AND SENTENCE VACATED IN PART.**

---

[3] The defendant has not appealed his conviction and sentence for first degree murder; therefore, we do not address them.

6