**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robin Lynn CAREY, Defendant–Appellant.**

**No. 91–7379.**

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1991.

Before TJOFLAT, Chief Judge, HATCHETT and DUBINA, Circuit Judges.

G. Barker Stein, Jr., Daphne, Ala., for defendant-appellant.

George A. Martin, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before FAY, EDMONDSON and COX, Circuit Judges.

FAY, Circuit Judge:

Defendant-appellant Robin Lynn Carey appeals the denial of her motion to dismiss her indictment for failure to appear for sentencing in a prior case. She argues that this prosecution places her in double jeopardy because her sentence in the prior case was enhanced because of her failure to appear for sentencing in that case. For the reasons that follow, we AFFIRM.

Carey was indicted for credit card fraud, 18 U.S.C. § 1029(a)(2), and pled guilty. She was released on bail pending sentencing, but failed to appear for the August 31, 1990 sentencing hearing. One month later, she was arrested in Florida and brought back to the Southern District of Alabama for sentencing. In sentencing Carey, the district court included a two level increase for obstruction of justice, based on her failure to appear. Carey was later indicted for wilfully failing to appear for sentencing in the credit card fraud case, in violation of 18 U.S.C. § 3146. She filed a motion to dismiss the indictment on the grounds of double jeopardy, which the district court denied. Carey then entered a conditional guilty plea to the charge of failure to appear, expressly reserving the right to appeal the denial of her motion to dismiss. The district court departed below the applicable sentencing guidelines range, reducing Carey's sentence by two levels to offset the enhancement of her prior sentence for credit card fraud in order to avoid what the court believed would be "double counting." [1] This appeal followed.

---

1. In its Report of Statement of Reasons for Imposing Sentence the district court stated:
   [T]he court feels that in the absence of a guideline specifically requiring both an en-
   hancement of the underlying offense and the imposition of the full consecutive sentence for the same conduct, this court should depart downward by two levels in imposing the sen-

The double jeopardy clause[2] " 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Grady v. Corbin,* 495 U.S. 508, ——, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted)). Appellant argues that the two level increase in her sentence in the first case constituted punishment for her failure to appear. She goes on to argue that having once been punished for failing to appear, the subsequent prosecution for failure to appear based on the identical conduct violates the double jeopardy clause.

■ This argument has been considered and rejected by several other circuit courts. *E.g., United States v. Garcia,* 919 F.2d 881 (3rd Cir.1990); *United States v. Troxell,* 887 F.2d 830 (7th Cir.1989); *Sekou v. Blackburn,* 796 F.2d 108 (5th Cir. 1986); *United States v. Wise,* 603 F.2d 1101 (4th Cir.1979). For example in *Troxell,* the Court of Appeals for the Seventh Circuit rejected a double jeopardy challenge on facts almost identical to those in the instant case. In sentencing Troxell on a drug conviction, the district court considered her failure to appear for sentencing as originally scheduled as an aggravating circumstance. Troxell was then subsequently indicted for failing to appear at the prior sentencing hearing. The court rejected Troxell's argument that the district

court's consideration of her bail-jumping in the first case amounted to punishment for failure to appear. The court stated that "the court's mere knowledge and consideration of the violation of conditions of release in the first case did not amount to sentencing her for those violations—the consideration went only to the appropriate severity of the penalty for cocaine distribution." *Troxell,* 887 F.2d at 836. We agree with this reasoning and adopt it as the law of this circuit.

■ "For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender." *Pennsylvania ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937); *see also United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In the instant case, the enhancement of Carey's sentence in the first case did not constitute punishment for her failure to appear; rather, the district court properly considered Carey's actions, along with other evidence of her character, in an attempt to arrive rationally at an appropriate sentence.[3] "Consideration of criminal conduct as an aggravating circumstance does not convert the sentencing proceeding into a trial, conviction, or punishment for the criminal activity so considered." *Sekou,* 796 F.2d at 111.[4] We therefore hold

---

tence for failure to appear for sentencing on the underlying offense. To do otherwise would have the effect of "double counting" and punish the defendant twice for the same conduct. This departure has the effect of cancelling the two level enhancement for obstruction of justice given in the sentencing for the underlying offense.

**2.** The double jeopardy clause states: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

**3.** We note that even with the two level enhancement, Carey's sentence in the first case, eight months' imprisonment and three years' super-

vised release, was still within the five-year maximum term set forth in 18 U.S.C. § 3146.

**4.** We recognize that terminology in the double jeopardy area can be confusing. Enhancement of a sentence based on criminal conduct other than that underlying the instant conviction has the practical effect of penalizing the defendant for that conduct. However, it is not considered "punishment" for that conduct in the double jeopardy context because the court is sentencing the defendant only for the instant offense, which is considered more serious because of the defendant's other criminal conduct. For this reason, the defendant's prior criminal convictions also may be used to impose a harsher sentence. *See, e.g., Williams v. Oklahoma,* 358

that the later prosecution of Carey for failing to appear for sentencing does not violate the double jeopardy clause.

For the foregoing reasons, we AFFIRM the judgment of the district court.

U.S. 576, 584–86, 79 S.Ct. 421, 426–27, 3 L.Ed.2d 516 (1959); *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948).