## UNITED STATES of America, Appellee,

v.

## Ronnie Allen BOLDING, Appellant.

### No. 91–3757.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided July 22, 1992.

Publication Ordered Aug. 5, 1992.

Lorraine Snead Ingels, Cedar Rapids, Iowa, argued, for appellant.

Patrick J. Reinert, Asst. U.S. Atty., Cedar Rapids, Iowa, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

Appellant Ronnie Allen Bolding appeals his conviction and sentence for willful failure to appear, 18 U.S.C. § 3146. Bolding claims that a sentencing enhancement for obstruction of justice for his failure to appear for sentencing in a previously imposed drug trafficking conviction constitutes "jeopardy" under the Double Jeopardy Clause of the Fifth Amendment, thereby preventing a subsequent conviction and sentence for willful failure to appear.

On April 12, 1989, Bolding was convicted of conspiracy to possess with the intent to deliver cocaine and possession with intent to deliver cocaine. On July 3, 1989, Bolding failed to appear for sentencing on the two drug convictions. When Bolding was finally sentenced on the drug charges, on April 15, 1991, the government requested and was granted a two-level increase in Bolding's base offense level because of his failure to appear for sentencing, pursuant to U.S.S.G. § 3C1.1.[1] He was sentenced to 144 months imprisonment, of which the court subsequently found 23 months to be attributable to the obstruction of justice enhancement.

On January 23, 1991, Bolding was indicted for willful failure to appear for sentencing in his drug trafficking case, in violation of 18 U.S.C. § 3146. Bolding filed a motion to dismiss the indictment on the basis of double jeopardy. On May 29, 1991, the district court[2] granted Bolding's motion to

---

1. U.S.S.G. § 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

2. The Honorable David R. Hansen, United States District Judge for the Northern District of

dismiss the indictment. However, in light of a recent pronouncement by this court in *United States v. Williams*, 935 F.2d 1531 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1992), on September 26, 1991, the district court granted the government's Motion to Reconsider and reinstated the indictment.

Bolding then entered a conditional guilty plea to the charge of failure to appear, reserving the right to appeal the denial of his motion to dismiss. The district court determined that the base offense level was 17, which resulted in a guideline range of 37 to 46 months. From the top of the guideline range, the district court departed downward 23 months to avoid "double counting," and to offset the 23–month enhancement that Bolding received pursuant to U.S.S.G. § 3C1.1 in his drug conviction sentence. Accordingly, Bolding was sentenced to 23 months for willful failure to appear, to be served consecutively with his 144 month sentence imposed in the earlier drug conviction.

After careful review, we agree with the district court's ruling that the Double Jeopardy Clause does not prohibit a subsequent conviction and sentence for failure to appear in violation of 18 U.S.C. § 3146, when Bolding has already received an enhanced sentence pursuant to U.S.S.G. § 3C1.1 for his failure to appear in an underlying drug charge. *See Williams, supra,* 935 F.2d at 1539 ("sentence enhancement on the basis of [defendant's] prior criminal conduct plus the eventual imposition of a sentence on that same criminal conduct does not violate double jeopardy principles"); *United States v. Carey*, 943 F.2d 44, 46 (11th Cir. 1991) (sentence enhancement for failure to appear does not constitute "punishment" and therefore does not preclude a subsequent prosecution for failure to appear), *cert. denied,* — U.S. —, 112 S.Ct. 1676, 118 L.Ed.2d 394 (1992). The district court appropriately avoided any double counting by a reduction in the sentence for failure to appear in an amount commensurate with the previous enhancement.

We conclude that Bolding's conviction and sentence for willful failure to appear did not violate the Double Jeopardy Clause of the Fifth Amendment. Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 47B.

Iowa, now United States Circuit Judge for the Eighth Circuit.