[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

_____

Nos. 04-13837 & 04-13844
Non-Argument Calendar

_____

D. C. Docket Nos. 03-20816-CR-PCH
& 02-20544-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL BARRIOS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2005)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Barrios appeals his sentence imposed for conspiracy to possess with

intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. section 846, and knowingly failing to appear at sentencing, in violation of 18 U.S.C. section 3146(a)(1). Barrios argues that his combined sentence of 130 months' imprisonment resulted in double-counting and a violation of the Double Jeopardy Clause, because the district court enhanced his sentence for obstruction of justice based on his failure to appear at sentencing. We affirm.

In August 2002, Barrios pleaded guilty to conspiracy to possess with intent to distribute cocaine. A sentencing hearing was set for October, but, although he was twice given notice of the court date, Barrios failed to appear for his sentencing. In a separate indictment, Barrios pleaded guilty for his knowing failure to appear at sentencing. The district court consolidated the cases for sentencing and, in accordance with the United States Sentencing Guidelines, grouped the offenses under Guidelines section 3D1.2(c), which directs the district court to group together "counts involving substantially the same harm." The district court set Barrios's offense level at 26 for the more serious offense of drug-trafficking, in accord with Guidelines section 3D1.3 and section 2D1.1(c)(7). To reach the final guideline range of 110 to 137 months, the district court increased the offense level by two for obstruction of justice. The district court sentenced Barrios to 130 months, which it allocated between the two offenses: 106 months for the

conspiracy charge and 24 months for failure to appear. Barrios did not object to any of the sentencing calculations in the district court. On appeal, Barrios argues that the use of the obstruction of justice enhancement subjected him to double punishment for his failure to appear offense, in violation of the anti-double counting rule and the Double Jeopardy Clause.

Because Barrios did not raise any objections in the district court, our review is for plain error. United States v. Kramer, 73 F.3d 1067, 1074 (11th Cir. 1996). To show plain error the defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Candelario, 240 F.3d 1300, 1309 (11th Cir. 2001). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted).

Barrios cannot demonstrate plain error because the district court did not err. Barrios argues that the method of sentence calculation used by the district court subjected him to double punishment. On the contrary, section 3D1.2(c) is specifically designed to prevent double punishment, and the district court applied the section properly. Under section 3D1.2, Barrios's sentencing range was 110 to 137 months imprisonment. Had the district court engaged in double counting,

3

Barrios would have been subject to a sentencing range of 110 to 137 months on the conspiracy charge, calculated with a criminal history category of IV, a base offense level of 26, and a two-level enhancement for obstruction of justice, and a sentencing range of 24 to 30 months on the failure to appear charge, which under 18 U.S.C. section 3146 must be served consecutive to any other sentence of imprisonment, a combined sentencing range of 134 to 167 months' imprisonment. See U.S.S.G. §§ 2D1.1(c)(7), 2J1.6. Section 3D1.2 prevents this result by instructing the district court to group the charges for sentencing.

That Barrios was sentenced only once for each crime is also apparent from the final sentence he received. Barrios's total sentence was 130 months, which was allocated between the two offenses, 106 months for the conspiracy and 24 months for the failure to appear. The 24 month sentence is the lowest sentence possible under the Guideline range for failure to appear. See U.S.S.G. § 2J1.6. The 106 month sentence falls within the Guideline range of 92 to 115 months for the conspiracy charge calculated without the obstruction of justice enhancement. See U.S.S.G. (Sentencing Table).

It is clear that Barrios's sentence did not result in double counting or duplicative punishment for his failure to appear for sentencing. Even if the sentence had resulted in double counting, Barrios's argument that the sentence

4

would violate the Double Jeopardy Clause is precluded by the precedent of this Circuit and the Supreme Court. See Witte v. United States, 515 U.S. 389, 398, 115 S. Ct. 2199, 2205 (1995); United States v. Carey, 943 F.2d 44, 46 (11th Cir. 1991). Nothing in United States v. Booker, casts doubt on that precedent. 125 S. Ct. 738, 753-54 (2005). On the contrary, in Booker, the Supreme Court rejected the argument of the Government that Witte precluded the application of United States v. Blakely, 124 S. Ct. 2531 (2004), to the United States Sentencing Guidelines. Id. The Court reiterated the holding in Witte, that "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted," Id. (citations omitted), and noted that Witte did not present the issue raised in Booker. The district court did not err in calculating the sentence.

**AFFIRMED.**