[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12807

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN FITZGERALD MCCARY,
a.k.a. John Fitzgerald McCreary,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00009-MCR-1

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

John McCary pleaded guilty to possession of a firearm and ammunition by a felon. He was sentenced to the fifteen-year minimum term of imprisonment under the Armed Career Criminal Act. He appeals his sentence, arguing that his prior convictions weren't for violent felonies under the Act and that the enhanced mandatory minimum sentence under the Act violated his double jeopardy rights. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Detectives with the Pensacola, Florida police department saw McCary in public and recognized him as having an active arrest warrant, so they approached him. He walked away from the detectives, pulled out a GSG / American Tactical .22 caliber pistol, and dropped it onto the ground. The pistol was loaded with eleven rounds of Winchester .22 caliber ammunition.

A grand jury charged McCary with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. sections 922(g)(1) and 924(e). McCary pleaded guilty, and in exchange, the government agreed not to "file any further criminal charges against [him] arising out of the same transactions or occurrences to which" he pleaded. The plea agreement provided that, if the district court found that McCary had "three or more prior convictions for a

serious drug offense and / or a violent felony, [he] face[d] a minimum term of fifteen . . . years' imprisonment."

The draft presentence investigation report recommended the Act's fifteen-year minimum term of imprisonment because McCary had been previously "convicted of four violent felonies and one serious drug offense," in violation of Florida law.  The violent felonies included a robbery in 1986 and convictions in 1998 and 2002 for battery on a law enforcement officer and resisting an officer with violence.  McCary objected that these offenses didn't categorically qualify as violent felonies under the Act.

The robbery offense, McCary explained, wasn't categorically a violent felony because "pre-1999 Florida robbery [could not] meet the . . . requirement for violent force in all cases."  McCary acknowledged *Stokeling v. United States*, 139 S. Ct. 544 (2019), as contrary binding precedent but asserted that it had been wrongly decided.  McCary similarly argued that the resisting offense could be committed without violent force and that our contrary binding precedent, *United States v. Romo-Villalobos*, 674 F.3d 1246 (11th Cir. 2012), had been wrongly decided.

McCary's arguments about the battery offense were more involved.  He contended that because battery in Florida was divisible into three varieties—touching, striking, and causing bodily harm—the modified categorical approach applied.  And because

the *Shepard* documents[1] didn't show which variety of battery he'd been convicted of, the district court had to "assume that the convictions were based on a mere touch" and didn't qualify as violent felonies.

The final presentence investigation report still recommended the fifteen-year minimum, but based only on the three violent felonies: the 1986 robbery and the 1998 and 2002 convictions for battery on a law enforcement officer and resisting an officer with violence.

At the sentencing hearing, McCary relied on his written objections to counting the robbery, battery, and resisting offenses as violent felonies under the Act. The district court overruled the objections and sentenced him to the fifteen-year minimum.

## STANDARD OF REVIEW

We review de novo whether an offense categorically qualifies as a violent felony under the Act. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). When a defendant "fail[s] to raise a double jeopardy claim before the district court," we review the claim for plain error. *United States v. Lewis*, 492 F.3d 1219, 1223 (11th Cir. 2007). To prevail on plain error review, a defendant must show that "(1) an error has occurred, (2) the error was plain, . . . (3) the error affected substantial rights," and (4) "the error seriously

---

[1] *See Shepard v. United States*, 544 U.S. 13, 16, 26 (2005) (specifying the documents to consult under the modified categorical approach).

affect[ed] the fairness, integrity, or public reputation of judicial pro-ceedings." *Id.* at 1222 (quotation omitted).

## DISCUSSION

McCary argues that the robbery, resisting, and battery of-fenses that he was convicted of weren't categorically violent felo-nies under the Act. He also argues, for the first time on appeal, that his Armed Career Criminal Act enhancement violated his double jeopardy rights because he already served sentences for his prior convictions and, because of the enhancement, effectively had to "serve the time he received on [them] all over again." Given McCary's robbery and resisting convictions, we needn't reach his battery arguments. And binding precedent forecloses his other ar-guments.

The Act sets a fifteen-year minimum term of imprisonment for a person who violates 18 U.S.C. section 922(g) and "has three previous convictions . . . for a violent felony or a serious drug of-fense, or both, committed on occasions different from one an-other." 18 U.S.C. § 924(e)(1). The Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); "is burglary, arson, or extortion, [or] involves use of explo-sives" (the enumerated clause); or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B); *see Pitts v. United States,*

4 F.4th 1109, 1114 (11th Cir. 2021).  Although the residual clause is unconstitutionally vague, an offense may be a violent felony under the elements or enumerated clause.  *See Pitts*, 4 F.4th at 1114.

In *Stokeling*, the Supreme Court held that "[r]obbery under Florida law . . . qualifies as a 'violent felony' under [the] elements clause," and affirmed a sentencing enhancement based on a pre-1999 conviction for Florida robbery.  139 S. Ct. at 549, 555.  In McCary's view, *Stokeling* was wrongly decided because a violent felony under the Act must entail force that can cause physical pain or injury and Florida robbery requires only force sufficient to over-come a victim's resistance.  If the resistance is minimal, says McCary, the force need be only minimal.  McCary claims that be-fore 1999, Florida robbery included snatch-and-grab cases of mini-mal force.  But we "must follow Supreme Court precedent that has direct application in a case."  *Motorcity, Ltd. ex rel. Motorcity, Inc. v. Se. Bank N.A.*, 120 F.3d 1140, 1143 (11th Cir. 1997) (quotation omitted).  Because *Stokeling* has direct application in this case, we must follow it.  *See id.*

In *Romo-Villalobos*, we explained that the Florida offense of resisting an officer with violence qualified as a violent felony under the elements clause.  674 F.3d at 1251; *accord United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015); *United States v. Joyner*, 882 F.3d 1369, 1378 (11th Cir. 2018).  McCary argues that *Romo-Villa-lobos* was wrongly decided because a defendant may commit the offense without violent force by a "mere resistance to being hand-cuffed by holding onto a doorknob and 'wiggling and struggling' in

an effort to" get free.  Even if we agreed with McCary that these prior panel decisions were wrongly decided, we must follow them as binding precedent, regardless.  *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

Because the one robbery conviction (from 1986) and two resisting convictions (from 1998 and 2002) added up to three violent felonies under the Act, the district court properly concluded that the minimum term of imprisonment applied.  *See* 18 U.S.C. § 924(e)(1).  The robbery and resisting convictions meant that the enhancement applied regardless of McCary's battery convictions. Accordingly, we don't address McCary's battery arguments.

Besides arguing that his offenses of conviction didn't qualify as violent felonies, McCary asserts that the application of the Act violated his double jeopardy rights by subjecting him to "multiple punishments for the same offense."  McCary argues that he wasn't told that his sentences for the prior convictions weren't final judgments or that he could "receive further punishments . . . based on the same crimes."

In other words, McCary's double jeopardy argument is that his prior unrelated convictions could not be used to enhance his sentence.  But multiple binding decisions have held to the contrary. *E.g.*, *Monge v. California*, 524 U.S. 721, 728 (1998) ("An enhanced sentence imposed on a persistent offender . . . is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes

but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." (quotations omitted)); *United States v. Carey*, 943 F.2d 44, 46 n.4 (11th Cir. 1991) ("Enhancement of a sentence based on criminal conduct other than that underlying the instant conviction has the practical effect of penalizing the defendant for that conduct.  However, it is not considered 'punishment' for that conduct in the double jeopardy context because the court is sentencing the defendant only for the instant offense, which is considered more serious because of the defendant's other criminal conduct.  For this reason, the defendant's prior criminal convictions also may be used to impose a harsher sentence.").  Because using McCary's prior violent felony convictions to enhance his sentence didn't violate his double jeopardy rights, the district court didn't err, let alone plainly err.

## CONCLUSION

Binding precedent forecloses McCary's arguments that his 1986 conviction for robbery and 1998 and 2002 convictions for resisting an officer with violence weren't violent felonies under the Act and that the enhancement based on his prior convictions violated his double jeopardy rights.  Thus, we affirm his sentence under the Act.

**AFFIRMED.**