# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYNE ANTHONY TURNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-195-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Wayne Anthony Turner appeals his conviction and sentence for possession of forged securities and aiding and abetting the possession of forged securities. *See* 18 U.S.C. §§ 2, 513(a). The district court sentenced Turner to 120 months of imprisonment, above the guidelines range of 46 to 57 months. Turner argues that his sentence is substantively unreasonable because the district court based the upward variance on prior convictions involving only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minor offenses and because the district court relied primarily on what it considered the inadequate sentences imposed in those cases.  He further contends that, because the district court relied on those prior convictions in imposing a sentence outside the guidelines range, it subjected Turner to double jeopardy in violation of the Fifth Amendment of the Constitution.

In setting a sentence above the guidelines range, the district court considered, as it may, Turner's prior convictions and numerous reoffenses following light sentences.  *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008); *United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). The district court's consideration of such prior criminal conduct does not implicate the Double Jeopardy Clause.  *Sekou v. Blackburn*, 796 F.2d 108, 112 (5th Cir. 1986).  Furthermore, as to the extent of the variance, we have upheld similar upward variances in prior cases.  *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).  Turner has failed to show that the district court abused its discretion in setting his sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Turner additionally argues that he was denied his right to counsel when an attorney who was the law partner and son of his appointed counsel represented him in the sentencing phase without his consent or the district court's authorization.  While such unauthorized substitution may be inadvisable and not compensable, we find no authority for reversing on that ground.  To the extent that the circumstances in this matter may give rise to a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), Turner has made no such argument to this court.

The judgment of the district court is AFFIRMED.